**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 16-cv-1221-WJM-KLM

MIRELLA IVONNE AVILA-RAMOS,

    Petitioner,

v.

JOHN L. KAMMERZELL, United States Marshal for the District of Colorado, and
KENNETH DEAL, Acting United States Marshal for the District of Colorado,

    Respondents.

---

**ORDER GRANTING STAY PENDING APPEAL**

---

Before the Court is Avila-Ramos's Motion for Order to Extend Stay of Extradition. (ECF No. 67.)  The Court construes this as a motion for stay pending appeal and, so construed, grants the motion for the reasons explained below.

At the outset, the Court notes that its appointment of the Federal Public Defender's office to represent Avila-Ramos (ECF No. 55 at 13–14) was not meant as an invitation to continue developing the factual record or otherwise litigating this case in any manner other than taking an appeal—which Avila-Ramos has now done (*see* ECF No. 59 (notice of appeal)).  Thus, the Court sees no relevance in Avila-Ramos's desire for more time to obtain, for example, new translations of various documents.  Avila-Ramos does not have, and has never had, a right in extradition proceedings to preemptively defeat the charges against her.  The question at the extradition phase is one of procedural formalities and probable cause, not guilt or innocence.  Nonetheless, a stay pending appeal is appropriate as described below.

This Court has jurisdiction to entertain a motion for stay pending appeal, even after a notice of appeal has been filed. *See* Fed. R. App. P. 8(a)(1)(A). The traditional factors governing stays and injunctions apply when considering a stay pending appeal. *See Nken v. Holder*, 556 U.S. 418, 426–27 (2009). Thus, a stay is warranted if the movant shows "(1) its strong position on the merits of the appeal; (2) irreparable injury if the stay was denied; (3) that a stay would not substantially harm other parties to the litigation; and (4) that the public interests favor a stay." *SIPC v. Blinder, Robinson & Co.*, 962 F.2d 960, 968 (10th Cir. 1992). Alternatively, "when the moving party demonstrates that the second, third, and fourth factors tip strongly in its favor," a stay is appropriate so long as "questions going to the merits are so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation." *Verlo v. Martinez*, 820 F.3d 1113, 1128 n.5 (10th Cir. 2016) (internal quotation marks omitted).

Here, the irreparable harm factor weighs heavily in Avila-Ramos's favor because extradition would moot her appeal, thus depriving her of all potential remedy. The Court further finds no substantial harm to the Government or Mexico if extradition was stayed pending appeal because Avila-Ramos remains in custody. Also, it is in the public interest to ensure that a movant may pursue lawful recourse without the threat of the opposing party, at its discretion, destroying any possibility of reprieve and thereby mooting the proceeding. The Court accordingly finds that the second, third, and fourth stay factors "tip strongly" in Avila-Ramos's favor.

As to the first factor, likelihood of success, the Court cannot fairly say that the issues surrounding Avila-Ramos's extradition proceedings are "difficult" or "doubtful."

Nonetheless, the Court finds that Avila-Ramos's claims are at least "deserving of more deliberate investigation" on appeal. Thus, in the exercise of the Court's inherent equitable authority to preserve the status quo pending a merits resolution, the Court finds that a stay pending appeal is appropriate.

Accordingly, for the reasons stated, the Court ORDERS as follows:

1. Avila-Ramos's Motion for Order to Extend Stay of Extradition (ECF No. 67), construed as a motion for stay pending appeal, is GRANTED; and

2. Execution on the judgment (ECF No. 56) is hereby STAYED pending disposition of Avila-Ramos's appeal to the United States Court of Appeals for the Tenth Circuit (USCA Case Number 17-1014).

Dated this 9th day of February, 2017.

BY THE COURT:

_____
William J. Martínez
United States District Judge

3